Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LENDING ADVISOR, INC.<br><br>Recurrido<br><br>v.<br><br>LUIS EUGENIO DIOU AGRAIT y su esposa MARÍA DE LOS ÁNGELES COLÓN MOREL<br><br>Peticionarios | KLCE202400079 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.:<br>J CD2003-0420 (603)<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca por la vía ordinaria |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de marzo de 2024.

Comparece ante nos la Sra. María de los Ángeles Colón ("señora Colón" o "Peticionaria") mediante *Petición de Certiorari* presentada el 22 de enero de 2024. Nos solicita que revoquemos la *Resolución* emitida el 6 de noviembre de 2023 y notificada el 10 de noviembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Ponce ("foro primario" o "foro *a quo*" o "TPI"). Por virtud de la misma, el foro primario declaró *No Ha Lugar* la Moción sobre Derecho de Propiedad o Posesión sobre Instrumento Negociable que presentó la Peticionaria. En consecuencia, ordenó la continuación de los procedimientos y la expedición del Mandamiento de Ejecución de Sentencia a favor de Lending Advisors, Inc. ("Lending" o "recurrido").

Por los fundamentos expuestos a continuación, **denegamos** la expedición del auto de *certiorari.*

Número Identificador

RES2024_____

**I.**

El 1 de abril de 2003, Doral Financial Corporation presentó una *Demanda* sobre ejecución de hipoteca por la vía ordinaria y cobro de dinero en contra del Sr. Luis Eugenio Diou Agrait (señor Diou).[1] Posteriormente, el 14 de junio de 2005, presentó *Demanda Enmendada* con el único fin de incluir a la esposa del señor Diou, la Sra. Colón, y la supuesta Sociedad Legal de Gananciales compuesta por ambos como parte demandada del pleito.[2] Ello, toda vez que una de las propiedades objeto de ejecución pertenecía a ambos cónyuges.

Luego de varios trámites procesales, incluyendo la anotación en rebeldía del señor Diou y la señora Colón, el 21 de junio de 2006, notificada el día 23 del mismo mes y año, el foro primario emitió Sentencia.[3] En esta, realizó unas determinaciones de hechos y a base de estas concluyó que la parte demandada le adeudaba a Doral Financial Corporation las cantidades que se reclamaron en la *Demanda*. Inconforme con esta determinación, el Sr. Diou, su esposa, la señora Colón y la Sociedad Legal de Gananciales compuesta por ambos (parte demandada) comparecieron ante el Tribunal de Apelaciones en el Caso Núm. KLAN20070972. En este, argumentaron que el foro *a quo* le había impuesto gastos excesivos y cargos por mora de forma ilegal. Además, impugnaron la imposición de un pago solidario toda vez que, según ellos, se habían casado bajo el régimen de capitulaciones matrimoniales.

El 16 de diciembre del 2011, un panel hermano dictó una *Sentencia,* mediante la cual determinó lo siguiente: (1) que los cargos por demora eran excesivos y (2) que se debía excluir a la Sociedad Legal de Gananciales puesto que esta era inexistente y, por ende, la

---

[1] Véase, págs. 1-4 del apéndice del recurso.
[2] Íd., págs. 5-8.
[3] Íd., págs. 13-15.

deuda de la señora Colón estaba limitada a su participación en la propiedad "B", poseída en comunidad con su esposo y no como deudora solidaria.[4]

Posteriormente, el préstamo hipotecario objeto de la controversia fue adquirido por Lending. Ello se informó mediante una *Solicitud de Sustitución de Parte.* Así pues, el 2 de julio de 2019, los demandados presentaron una *Moción Reclamando el Derecho sobre Crédito Litigioso y Urgente Solicitud de Orden.*[5] En esta, argumentaron que la cesión de crédito litigioso no se llevó a cabo conforme al Capítulo VII sobre Transmisión de Créditos que preceptúa el Código Civil. Ante esta contención, reclamaron su derecho a extinguir el crédito litigioso conforme al Art. 1425 del Código Civil de Puerto Rico de 1930, 31 LPRA sec. ant. 3950 y solicitaron que se emitiera una Orden para que la parte recurrida presentara todo contrato de venta del crédito litigioso y certificara la cuantía por la cual la adquirió.

El 19 de julio de 2019, Lending se opuso a dicha moción.[6] En síntesis, sostuvo que para que procediera una solicitud de retracto de crédito litigioso era un requisito esencial que la contienda judicial, pendiente a la fecha de la venta o cesión del crédito, girara en torno a la existencia del crédito y no sobre la consecuencia de su existencia. Por lo tanto, planteó que en este caso era totalmente improcedente la aplicación del retracto de crédito litigioso toda vez que existía una Sentencia final, firme e inapelable adjudicando el asunto sobre el monto del crédito.

Evaluadas las mociones antes expuestas, el 2 de octubre del 2019, el TPI emitió una *Resolución* que fue notificada el 4 de octubre

---

[4] Íd., págs. 17-34.
[5] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.
[6] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.

de 2019.[7] En esencia, el TPI resolvió que no procedía como cuestión de derecho la solicitud de los demandados a ejercer el retracto de crédito litigioso en el presente caso. En consecuencia, declaró No Ha Lugar la *Moción Reclamando el Derecho sobre Crédito Litigioso y Urgente Solicitud de Orden* que presentó la parte demandada. Además, permitió la sustitución de parte.

Así las cosas y luego de varios trámites procesales, el 7 de julio de 2022, la señora Colón presentó una *Moción sobre Derecho de Propiedad o Posesión sobre el Instrumento Negociable*.[8] Indicó que la cesión onerosa del crédito objeto de la presente controversia le permitía ejercer su derecho de propiedad o de posesión sobre el instrumento negociable al amparo de la Sección 2-306 de la Ley de Transacciones Comerciales. Aclaró que su reclamo no era uno de retracto de crédito litigioso al amparo del Art. 1425 del Código Civil, *supra*, puesto que reconocía que dicha figura había sido desplazada por el Tribunal Supremo en el caso *DLJ Mortgage Capital, Inc. v. Santiago Martínez*, 202 DPR 950 (2019). Por último, aseguró que su reclamo no era incompatible con lo resuelto en el caso antes descrito toda vez que dicho caso claramente expresaba que las controversias que involucraban la cesión de instrumentos negociables se regían por la Ley de Transacciones Comerciales.

En respuesta, el 21 de julio de 2022, la parte recurrida presentó su oposición.[9] Indicó que el caso de epígrafe fue adjudicado en su totalidad y, por consiguiente, lo que la señora Colón solicitó en la moción antes descrita era improcedente de su faz. Añadió que cualquier planteamiento litigioso en esta etapa de los procedimientos constituía cosa juzgada.

---

[7] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.
[8] Véase, págs. 37-40 del apéndice del recurso.
[9] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.

Cabe precisar que, el caso estuvo paralizado desde el 4 de mayo de 2021 por la radicación de una quiebra por la parte recurrida. Sin embargo, cuando se levantó la paralización, la parte peticionaria presentó una *Moción para Reiterar la Procedencia del Derecho de Propiedad o Posesión sobre el Instrumento Negociable conforme a la Ley de Transacciones Comerciales* [...].[10] En esta, expuso los mismos argumentos que en la moción del 5 de julio de 2022.

A pesar de que el TPI le concedió una oportunidad a la parte recurrida para que se expresara en torno a dicha moción, esta última no presentó su oposición en el término concedido para ello. Así pues, el 8 de diciembre de 2022, la parte peticionaria presentó una *Moción para que se tenga por Sometida sin Oposición* [...][11] y la parte recurrida replicó el 15 de diciembre de 2022.[12] En esta, reiteró lo que había planteado en su oposición del 21 de julio de 2022.

Evaluados los escritos de ambas partes, el 27 de enero de 2023, el TPI emitió una *Resolución* que fue notificada el 30 de enero de 2023.[13] En esta, declaró No Ha Lugar a la *Moción Reclamando el Derecho sobre Crédito y Urgente Solicitud de Orden*. Para sostener su decisión, discutió las figuras de cosa juzgada y la ley del caso y a tenor con el derecho expuesto, concluyó lo siguiente:

> Resulta obvio que los demandados intentan hacer reclamos basados en fundamentos que tratan sobre asuntos que ya fueron adjudicados o que pudieron ser planteados anteriormente. Por lo tanto, no podemos avalar la utilización de remedios ordinarios para presentar planteamientos y volver a re litigar controversias debidamente adjudicadas por el tribunal.

En desacuerdo con este dictamen, el 14 de febrero de 2023, la señora Colón presentó una *Moción en Reconsideración*.[14] En

---

[10] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.
[11] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.
[12] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.
[13] Véase, págs. 41-44 del apéndice del recurso.
[14] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.

síntesis, señaló que el TPI emitió un dictamen sobre una moción que se presentó en el 2019 que versaba sobre el reclamo de crédito litigioso al amparo del Art. 1425 del Código Civil de Puerto Rico del 1930, según enmendado, que estaba derogado. Aclaró que dicha moción no era objeto de interés para la parte demandada ya que fue resuelta en sus méritos por el TPI el 2 de octubre del 2019. En vista de ello, sostuvo que el último reclamo de su parte versaba sobre su derecho de propiedad o de posesión sobre el instrumento negociable al amparo de la Sección 2-306 de la Ley de Transacciones Comerciales y este reclamo no había sido traído ante la consideración del Tribunal antes del 7 de julio de 2022. En consecuencia, afirmó que el TPI no había entrado en los méritos de dicho reclamo y, por ende, no aplicaban las figuras de cosa juzgada y la ley del caso.

El 21 de febrero de 2023, el TPI emitió una *Resolución* que se notificó el 23 de febrero de 2023 mediante la cual denegó la solicitud de reconsideración.[15] Aún inconforme, el 24 de marzo de 2023, la señora Colón presentó un recurso de *certiorari* en el Caso Núm. KLCE202300296 impugnando la *Resolución* que dictó el TPI el 27 de enero de 2023. Atendido el recurso y su oposición, el 12 de abril de 2023, este panel dictó una *Sentencia* mediante la cual, en lo pertinente, resolvió que el TPI debía atender *Moción sobre Derecho de Propiedad o Posesión sobre el Instrumento Negociable* que presentó la peticionaria el 7 de julio de 2022 en sus méritos.[16]

Así pues, el 16 de agosto de 2023, Lending presentó una *Moción Informativa sobre Notificación de Mandato* […].[17] En primer lugar, indicó que la señora Colón era la única que reclamó el alegado derecho de propiedad o posesión sobre el instrumento negociable a

---

[15] Adoptamos estos hechos de la *Sentencia* que este panel dictó el 12 de abril de 2023 en el caso núm. KLCE202300296.
[16] Véase, págs. 45-61 del apéndice del recurso.
[17] Íd., págs. 149-159.

pesar de que no era deudora hipotecaria ni titular del inmueble que era objeto de ejecución en el presente caso. Así pues, razonó que esta última no tenía legitimación activa para reclamar el remedio que disponen las secciones 2-305 y 2-306 de la Ley de Transacciones Comerciales por lo que no era susceptible de remedio alguno. En vista de ello, le solicitó al TPI a que declarara No Ha Lugar la *Moción sobre Derecho de Propiedad o Posesión sobre el Instrumento Negociable* que presentó la peticionaria.

El 6 de octubre de 2023, la señora Colón presentó una *Réplica a la Moción Informativa sobre Notificación de Mandato* [...].[18] En cuanto al argumento de la legitimación activa, puntualizó que gozaba de un interés legítimo sobre la propiedad objeto de ejecución en la presente controversia ya que compareció en la escritura de hipoteca como deudora y dio su consentimiento para hipotecar la propiedad en la que tenía participación. Asimismo, añadió que esta propiedad constituía su único hogar. Por último, aclaró que su reclamo se basaba en la Sección 2-306 de la Ley de Transacciones Comerciales que, según ella, no estaba supeditada a la Sección 2-305 de la referida ley. Así pues, afirmó que Lending no demostró que adquirió el instrumento negociable de buena fe por lo que procedía su reclamo bajo la referida Sección. Posteriormente, el 10 de octubre de 2023, la parte recurrida presentó una *Breve Dúplica a: Réplica a Moción Informativa* [...][19] y en respuesta, el 20 de octubre de 2023, la peticionaria presentó una *Oposición a Breve Dúplica a Réplica* [...].[20]

Evaluadas las posturas de ambas partes, el 6 de noviembre de 2023, el TPI dictó una *Resolución* que se notificó el 10 de noviembre de 2023.[21] En esta, declaró No Ha Lugar la *Moción sobre*

---

[18] Íd., págs. 168-182.
[19] Íd., págs. 183-186.
[20] Íd., págs. 187-194.
[21] Íd., págs. 195-204.

*Derecho de Propiedad o Posesión sobre Instrumento Negociable* que presentó la señora Colón. Los fundamentos para la precitada determinación fueron los siguientes:

> Según se desprende del expediente, Doral Financial Corporation transfirió el pagaré objeto de este pleito, hasta que termina con Lending Advisors, Inc., como actual tenedor, esto después de adjudicada la controversia. Para acreditar su legitimación activa como cesionario, el demandante presentó copia del pagaré. Por lo tanto, debemos afirmar que en este caso hubo una cesión de créditos válida y de buena fe.
>
> Por otro lado, surge de la *Solicitud de Sustitución de Parte* presentada por el demandante el 1 de julio de 2019, que el pagaré que se acompañó fue endosado en blanco. Según la normativa citada, un pagaré endosado en blanco equivale a uno al portador. Esto significa que el poseedor del pagaré, Lending Advisors, Inc. tiene legitimación activa para reclamar el pago, toda vez que la posesión del pagaré equivale a ostentar el título y le da al poseedor legitimación para el cobro. Este endoso convirtió el pagaré en uno exigible por el portador, cuyo derecho surge de la mera posesión del instrumento negociable. La parte demandante, Lending Advisors, Inc. es el poseedor del pagaré al portador, por lo que no necesita cumplir con ninguna exigencia adicional de nuestro derecho cambiario. La parte codemandada no demostró que la parte demandante fuera un poseedor de mala fe.
>
> A propósito, surge de la Certificación Registral emitida el 14 de junio de 2006 por el Registrador de la Propiedad, Sección Primera de Ponce, que el demandado, Luis Eugenio Diou Agrait es titular del pleno dominio de la totalidad de la propiedad "A" objeto de controversia, con carácter privativo. Es decir, la parte codemandada, María de los Ángeles Colón Morel no es titular, ni dueña de la propiedad de la cual reclama derecho de propiedad o posesión sobre el instrumento negociable. Por tanto, la parte codemandada está impedida de reclamar el remedio dispuesto en las Secciones 2-305 y 2-306 de la Ley de Transacciones Comerciales, *supra,* u otro remedio en ley, toda vez que estas defensas corresponden al deudor, por lo que no tiene legitimación para invocarlas, ni demostró la existencia de perjuicio o amenaza real y vigente a los derechos de la parte codemandada.

En desacuerdo con este dictamen, el 27 de noviembre de 2023, la señora Colón presentó una *Moción de Reconsideración*.[22] El 15 de diciembre de 2023, Lending presentó su oposición a la solicitud de reconsideración.[23] Así las cosas, el 20 de diciembre de

---

[22] Íd., págs. 208-229.
[23] Íd., págs. 231-236.

2023, el TPI dictó una *Resolución* que se notificó el 21 de diciembre de 2023, mediante la cual declaró No Ha Lugar la solicitud de reconsideración que presentó la peticionaria.[24]

Aún en desacuerdo, el 22 de enero de 2024, la señora Colón presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> Erró y abusó de su discreción el foro de instancia al denegar el derecho que le asiste a la parte recurrente de ejercer su derecho de propiedad o posesión sobre el instrumento negociable conforme a la sección 2-306 de la Ley de Transacciones Comerciales, según enmendada, *supra*, porque omitió o soslayó en su Resolución la discusión que da cuenta de la aplicación de dicha sección a favor de la parte recurrente.

> Erró y abusó de su discreción el foro de instancia al acoger la posición de la parte recurrida para denegar el derecho de posesión sobre el instrumento negociable de la parte recurrente conforme a la sección 2-306 de la Ley de Transacciones Comerciales, según enmendada, *supra*, pese a que dicha posición fue presentada fuera de término y se basa en omisiones de una escritura notarial y de una Sentencia de este Honorable Tribunal que emana del caso de epígrafe de diciembre de 2011.

> Erró y abusó de su discreción el foro de instancia al declarar no ha lugar la moción sobre remedio provisional de la parte recurrente pese a que la misma informa y sustenta con hechos fácilmente corroborables que la parte recurrida faltó a la verdad en su moción en cumplimiento de orden en oposición a "Moción de Reconsideración" al aseverar que la parte recurrente presentó fuera de término su moción de reconsideración de 27 de noviembre de 2023.

Esta Curia emitió *Resolución* el 31 de enero de 2024, notificada al día siguiente, en la que le concedió término a la parte Recurrida para que expusiera su posición. De igual forma, se le apercibió que, de transcurrir el término dispuesto, procederíamos a resolver sin el beneficio de su comparecencia. Además, se le concedió un término de diez (10) días al TPI para que remitiera en calidad de préstamo los autos originales del caso J CD2003-0420. Así las cosas, en cumplimiento con la resolución emitida, la parte Recurrida presentó el 27 de febrero de 2014 *Alegato Civil en Oposición a Certiorari en Cumplimiento de Resolución.*

---

[24] Íd., pág. 241-242.

Con la comparecencia de ambas partes, procedemos a esbozar el derecho aplicable.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

Es importante destacar que, al interpretar la Regla 52.1 de Procedimiento Civil, *supra*, el Tribunal Supremo resolvió que "las resoluciones atinentes a asuntos postsentencia [como la que tenemos ante nuestra consideración] no se encuentran

comprendidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*". *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 339 (2012). En otros términos, al determinar si procede expedir o denegar un recurso de *certiorari* en el cual se recurre de un asunto postsentencia, debemos evaluar únicamente los criterios enmarcados en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

**III.**

Expuesto el marco jurídico, ponderados los argumentos presentados por las partes y evaluados los autos originales, resolvemos que no se han producido las circunstancias que exijan

nuestra intervención en esta etapa de los procedimientos. Aun cuando la Regla 52.1 de Procedimiento Civil, *supra,* nos faculta, por vía de excepción, para atender asuntos sobre relaciones de familia, al amparo de los criterios que guían nuestra discreción no intervendremos en la determinación recurrida. En el presente caso, la Peticionaria no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos, procede que se deniegue el recurso de *certiorari* de epígrafe.

## IV.

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones